IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Fidel Trujillo, individually and on behalf of other similarly situated employees, Plaintiff
v.
Mediterranean Kitchens, Inc. dba Pita Inn and Falah Tabahi, individually, Defendants

## COMPLAINT

Fidel Trujillo ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Mediterranean Kitchens, Inc. dba Pita Inn ("Pita Inn"), and Falah Tabahi, individually (collectively, "Defendants"), and states:

### Introduction

1. Defendants operate a restaurant commonly known as "Pita Inn" at 122 S. Elmhurst Rd, Wheeling, IL 60090. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurant.

2. Plaintiff is a former employee of the Defendants and was not paid his earned overtime wages as required by the FLSA and IMWL. Instead, Defendants paid Plaintiff and other employees straight-time wages for all hours worked weekly.

3. Defendants maintained and enforced a policy of paying Plaintiff by check and cash each week.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

7. Defendants owned and operated Pita Inn within the three years preceding the filing of this complaint.

8. Falah Tabahi resides in and is domiciled in this judicial district.

9. Falah Tabahi is the owner of Pita Inn and was involved in the day-to-day business operations of Pita Inn and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

10. Pita Inn is as an enterprise under 29 U.S.C. § 203(r)(1).

11. Pita Inn is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Pita Inn's annual gross sales were $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Defendants failed to maintain and preserve records of all hours that Plaintiff worked each week.

15. Defendants failed to maintain and preserve records of all wages they paid to Plaintiff each week.

16. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

17. Plaintiff worked for Defendants from May 2006 to late August 2016.

18. Plaintiff worked as a dishwasher and busboy for Defendants during the relevant employment period.

19. Defendants paid Plaintiff in check for the first forty hours that he worked each week and in cash for all other hours each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

20. Plaintiff incorporates all paragraphs above as if fully restated below.

21. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

22. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

23. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

24. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

25. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

26. Plaintiff was not exempt from the overtime provisions of the FLSA.

27. Defendants' failure to pay overtime violated the FLSA.

28. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff by both check and cash, at his regular rate, for all hours worked weekly.

29. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

30. Plaintiff incorporates all paragraphs above as if fully restated below.

31. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

32. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

33. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

34. Plaintiff worked more than forty (40) hours in individual work weeks.

35. Defendants did not pay earned overtime wages to the Plaintiff.

36. Plaintiff was not exempt from overtime wages.

37. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

38. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Thursday, March 09, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com