IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| **FIDEL TRUJILLO, individually and on behalf of other similarly situated employees,** ) ) ) ) **Plaintiffs,** ) ) v. ) ) **MEDITERRANEAN KITCHENS, INC. d/b/a PITA INN and FALAH TABAHI,** ) ) ) ) ) **Defendants.** ) | **Case no. 17 CV 1887** |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendants, Mediterranean Kitchens, Inc. d/b/a Pita Inn and Falah Tabahi, hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and state as follows:

## FACTS ALLEGED IN COMPLAINT

Plaintiff claims he was employed by Defendants for approximately 10 years, from May of 2006 to late August 2016. (Complaint, para. 17). Plaintiff claims he worked in excess of 40 hours a week at unstated dates, and seeks relief pursuant to the Federal Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). (Complaint, para. 2)

Plaintiff's Complaint does not provide any factual allegations as to when, during the 10 years of employment, Plaintiff purportedly worked overtime without being properly compensated. Plaintiff's Complaint does not allege how many hours Plaintiff worked overtime without being properly compensated.

The extent of the detail in Plaintiff's Complaint regarding the alleged unpaid overtime is paragraph 23 of the Complaint, which states: "Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks." The Complaint does not identify the number of weeks Plaintiff allegedly worked unpaid overtime, how many hours of overtime was worked, nor when this occurred.

Plaintiff alleges in paragraph 34: "Plaintiff worked more than forty (40) hours in individual work weeks." Again Plaintiff's Complaint does not further describe the number of alleged overtime hours or when such unpaid work occurred.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of the complaint by arguing that it fails to state a claim upon which relief may be granted. Camasta v. Jos. A. Bank Clothiers, Inc., 761 F. 3d 732, 736 (7th Cir. 2014). A complaint must contain sufficient factual matter in order to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## **ARGUMENT**

I. Plaintiff fails to allege facts to demonstrate a claim under the FLSA or IMWL.

Although the law does not require an FLSA Plaintiff to plead "infinitesimal details", federal pleadings standards require Plaintiff to "provide some specific facts to ground those legal claims." Brooks v. Ross, 578 F 3d 574, 581 (7th Cir. 2009).

In the Complaint, Plaintiff has not alleged a single specific work week which Plaintiff claims he worked at least 40 hours, nor does Plaintiff allege the amount of hours of overtime worked nor any other facts which provide some detail. Without these allegations, the Complaint

fails to state a claim.  Lundy v. Catholic Health Systems of Long Island Inc., 711 F 3d 106, 114 (2nd Cir. 2013).

For example, in Silver v. Townstone Fin., Inc., 2015 WL 1259507 (N.D. Ill. 2015), plaintiff alleged that "[t]hroughout the relevant period, [he] worked in excess of 40 hours per week, but was not paid an overtime premium of 1 1/2 times his regular hourly rate for those additional hours." The District Court found that such an "allegation alone is nothing more than a threadbare recital of the elements of a cause of action, which is insufficient to state a claim."  Id. at *2.  Similar allegations were also deemed insufficient in Kwan Bom Cho v. GCR Corp., 2013 WL 675066 (N.D. Ill. 2013).   Plaintiff's allegations here are no more specific than those dismissed in Silver.

Similarly, in Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89–90 (2d Cir. 2013), a complaint under the FLSA was dismissed where the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute. She alleged only that in "some or all weeks" she worked more than "forty hours" a week without being paid "1.5" times her rate of compensation, no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1)."   Plaintiff's allegations in the Complaint are no more specific than those dismissed by the court in Dejesus.

Plaintiff's claim under the IMWL suffers from the same pleading defect.  Plaintiff does not allege when, or how many hours, Plaintiff worked overtime without compensation as required by the IMWL.  "The FLSA and IMWL contain similar overtime requirements and therefor they are analyzed using the same legal framework."  Silver, supra at *1.

Accordingly, Plaintiff's claims under the FLSA and IMWL should be dismissed for failure to state a claim.

II.     Plaintiff's IMWL claim should be dismissed for lack of jurisdiction.

Since Plaintiff has not stated a federal claim, this Court should also dismiss Plaintiff's IMWL claim under Illinois law for lack of jurisdiction. "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." Groce v. Eli Lilly, 193 F.3d 496, 501 (7th Cir.1999). See also Wright v. Assoc. Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir.1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction.").

Accordingly, since Plaintiff does not allege any viable federal claims, the Court should dismiss Plaintiff's state law claim without prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court dismiss Plaintiff's Complaint.

| | |
|---|---|
| Marty J. Schwartz (ARDC # 3124462)<br>James R. Griffin (ARDC # 6243030)<br>Schain, Banks, Kenny & Schwartz, Ltd.<br>70 W. Madison Street, Suite 5300<br>Chicago, Illinois 60602<br>Phone:   (312) 345-5700<br>mschwartz@sbbklaw.com<br>jgriffin@schainbanks.com | MEDITERRANEAN KITCHENS, INC. d/b/a<br>PITA INN and FALAH TABAHI ,<br><br>By:   /s/  James Griffin_____<br>         One of their Attorneys |

S:\~CLIENTS\Mediterranean Kitchen\Trujillo\Defendant's Motion to Dismiss Complaint.doc