IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDEL TRUJILLO, individually and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>MEDITERRANEAN KITCHENS, INC. d/b/a PITA INN and FALAH TABAHI,<br><br>Defendants. | No. 17-CV-01887<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fidel Trujillo alleges that he worked more than 40 hours a week without adequate overtime pay in one or more weeks during his ten year tenure as a dishwasher and busboy for defendant Pita Inn in violation of state and federal law. The defendants have moved to dismiss for failure to state a claim because the complaint lacks sufficient facts. The Court agrees and grants the motion to dismiss without prejudice.

## BACKGROUND

The Court accepts, as it must on a motion to dismiss, all well-pleaded factual allegations as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff Fidel Trujillo worked for Pita Inn[1] from May 2006 to late August 2016 as a dishwasher and busboy. Compl. ¶ 17-18. During this time, Trujillo alleges he was paid for the first forty hours of work by check and "all other hours" in cash. *Id*. at ¶ 19. He further alleges that he worked "more than forty (40) hours weekly in one or more individual work weeks" during this ten year period. *Id*. at ¶ 23. Trujillo alleges he was not paid the statutorily required one and a half times the regular pay rate for his overtime. *Id.*

---

[1] Defendant Falah Tabahi is the owner of defendant Mediterranean Kitchens, Inc. d/b/a Pita Inn. Compl. ¶ 9. For simplicity, the Court refers to both defendants as "Pita Inn."

at ¶ 24. According to Trujillo, Pita Inn did not keep records of his hours or the wages they paid him. *Id*. at ¶ 14-15. Pita Inn has moved to dismiss for failure to state a claim.

## DISCUSSION

The Fair Labor Standards Act ("FLSA") requires (with exceptions not relevant here) that employers pay employees one and a half times the normal hourly rate for work beyond forty hours per week. 29 U.S.C. § 207(a). Pita Inn argues that the complaint has failed to allege sufficient facts to state a claim. To state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts to provide the grounds for the plaintiff's entitlement to relief, disregarding legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*.

The courts of this district have generally agreed that a plaintiff must plead details beyond having worked more than 40 hours without overtime to state a claim under the FLSA. *See Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 4179153, at *2 (N.D. Ill. Aug. 8, 2016) (collecting cases). Exactly how many more details is unclear – the Eleventh Circuit and one court of this district have found that indicators of frequency (such as that a defendant "repeatedly" or "routinely" worked overtime) are sufficient. *See Secretary of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008); *Sanchez v. Haltz Const., Inc.,* No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012). This Court has previously indicated that properly alleging a specific week in which the FLSA was violated would be sufficient in the minimum wage context. *See Hirst v. Skywest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *6 (N.D. Ill. May 24, 2016) ("To state a FLSA claim under the workweek averaging approach, then, the plaintiffs must plausibly allege at least one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour."); *see*

2

*also DeJesus v. HF Management Services*, 726 F.3d 85, 89 (2d Cir. 2013) (allegations that plaintiff worked over forty hours in "some or all weeks" insufficient because at least one given week must be alleged); *Pruell v. Caritas Christi,* 678 F.3d 10, 12 (1st Cir. 2012) (allegation that plaintiffs "regularly worked" more than 40 hours a week in sufficient). The Court need not resolve that question here, however, because Trujillo has failed to allege any further details. He does not allege specific weeks (even by way of example) in which he worked more than forty hours per week. Nor has he made any allegations as to the frequency of the overtime, only alleging it occurred "in one or more individual work weeks." Compl. ¶ 23. This merely states an element of an FLSA claim, it does not give the defendants any idea of the scope of Trujillo's claim or a place to begin investigating his allegations. Indeed, in pleading that he worked overtime in "one or more" weeks over the course of his decade of employment, Trujillo could mean there was a single week more than a decade ago for which he was not payed overtime, or that there have been more than 520 such weeks, or something in between those extremes. Further, the complaint acknowledges that Trujillo was paid some amount for hours in excess of 40, but provides no information about the rate paid. *See Weston v. Illinois Dep't of Human Services*, 433 Fed. App'x 480, 482 (7th Cir. 2011) (affirming dismissal of FLSA claim where complaint failed to plausibly allege violation in view of all payments plaintiff received). These allegations are too conclusory and too vague to provide fair notice or to state a plausible claim. Without an FLSA claim to provide jurisdiction, the Court declines to exercise supplementary jurisdiction over the Illinois Minimum Wage Law claim. *See* 28 U.S.C. § 1367(c)(3).

*   *   *

For the reasons stated above, the motion to dismiss is granted without prejudice. Trujillo is granted leave to replead by August 11, 2017.

                                                                               *[signature]*

Dated: July 11, 2017                                                                  John J. Tharp, Jr.
                                                                                               United States District Judge